```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :
                                            INDICTMENT
        -v-                         :
                                            07 Cr.
PHIL ENDELLICATE,                   :
    a/k/a "Philly,"
PAUL BARONE,                             07 CRIM.    889
    a/k/a "Uncle Paulie,"
    a/k/a "U.P.,"                   :
    a/k/a "Fatso,"
STEVEN SMITH,                       :
    a/k/a "SS,"
    a/k/a "Double S,"               :
    a/k/a "Smitty,"
MARIE FIDONE,                       :
    a/k/a "Marie Delnodal,"
ALBERT ALFONSO,
    a/k/a "Cooch,"
JOSEPH RULLI,
    a/k/a "Joe,"
    a/k/a "Jock,"
ERNEST DEANGELIS,
    a/k/a "Ernie,"
JOHN LAFORTE,
    a/k/a "Hammer,"
    a/k/a "S.I.," and               :
ALLAN HANDLER,
                                    :
        Defendants.                 :
- - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 19 2007

**COUNT ONE**

The Grand Jury charges:

1.   From at least in or about 2006, until in or about July 2007, in the Southern District of New York and elsewhere, PHIL ENDELLICATE, a/k/a "Philly," PAUL BARONE, a/k/a "Uncle Paulie," a/k/a "U.P.," a/k/a "Fatso," STEVEN SMITH, a/k/a "SS," a/k/a "Double S," a/k/a "Smitty," MARIE FIDONE, a/k/a "Marie

Delnodal," ALBERT ALFONSO, a/k/a "Cooch," JOSEPH RULLI, a/k/a "Joe," a/k/a "Jock," ERNEST DEANGELIS, a/k/a "Ernie," JOHN LAFORTE, a/k/a "Hammer," a/k/a "S.I.," and ALLAN HANDLER, the defendants, and others known and unknown, unlawfully, willfully and knowingly combined, conspired, confederated and agreed together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1955.

       2.    It was a part and an object of the conspiracy that PHIL ENDELLICATE, a/k/a "Philly," PAUL BARONE, a/k/a "Uncle Paulie," a/k/a "U.P.," a/k/a "Fatso," STEVEN SMITH, a/k/a "SS," a/k/a "Double S," a/k/a "Smitty," MARIE FIDONE, a/k/a "Marie Delnodal," ALBERT ALFONSO, a/k/a "Cooch," JOSEPH RULLI, a/k/a "Joe," a/k/a "Jock," ERNEST DEANGELIS, a/k/a "Ernie," JOHN LAFORTE, a/k/a "Hammer," a/k/a "S.I.," and ALLAN HANDLER, the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, namely a business that engaged in sports bookmaking and illegal lottery schemes known as "policy," in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and had remained in substantially continuous

operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, in violation of Title 18, United States Code, Section 1955.

<u>Overt Acts</u>

3.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about March 1, 2006, at approximately 6:16 p.m., MARIE FIDONE, a/k/a "Marie Delnodal," the defendant, had a phone conversation with a co-conspirator not named herein as a defendant ("CC-1") related to illegal gambling.

b.   On or about March 2, 2006, at approximately 11:00 a.m., MARIE FIDONE, a/k/a "Marie Delnodal," the defendant, had a phone conversation with CC-1 related to illegal gambling.

c.   On or about March 6, 2006, at approximately 10:46 a.m., PHIL ENDELLICATE, a/k/a "Philly," the defendant, had a phone conversation with CC-1 related to illegal gambling.

d.   On or about March 12, 2006, at approximately 10:27 a.m., PHIL ENDELLICATE, a/k/a "Philly," the defendant, had a phone conversation with CC-1 related to illegal gambling.

e.   On or about March 15, 2006, at approximately 3:23 p.m., STEVEN SMITH, a/k/a "SS," a/k/a "Double S," a/k/a "Smitty,"

the defendant, had a phone conversation with CC-1 related to illegal gambling.

    f.    On or about March 16, 2006, at approximately 1:43 p.m., JOSEPH RULLI, a/k/a "Joe," a/k/a "Jock," had a phone conversation with CC-1 related to illegal gambling.

    g.    On or about March 21, 2006, at approximately 6:57 p.m., STEVEN SMITH, a/k/a "SS," a/k/a "Double S," a/k/a "Smitty," the defendant, had a phone conversation with CC-1 related to illegal gambling.

    h.    On or about April 17, 2006, at approximately 11:18 a.m., PHIL ENDELLICATE, a/k/a "Philly," the defendant, had a phone conversation with CC-1 related to illegal gambling.

    i.    On or about April 24, 2006, at approximately 3:33 p.m., ALBERT ALFONSO, a/k/a "Cooch," the defendant, had a phone conversation with CC-1 related to illegal gambling.

    j.    On or about April 28, 2006, at approximately 11:25 a.m., PAUL BARONE, a/k/a "Uncle Paulie," a/k/a "U.P.," a/k/a "Fatso," had a phone conversation CC-1 related to illegal gambling.

    k.    On or about May 1, 2006, at approximately 3:40 p.m., ALLAN HANDLER, the defendant, had a phone conversation with CC-1 related to illegal gambling.

l. On or about May 8, 2006, at approximately 1:50 p.m., ALLAN HANDLER, the defendant, had a phone conversation with CC-1 related to illegal gambling.

m. On or about May 10, 2006, at approximately 9:57 a.m., ALLAN HANDLER, the defendant, had a phone conversation with CC-1 related to illegal gambling.

n. On or about May 11, 2006, at approximately 9:43 a.m., ALBERT ALFONSO, a/k/a "Cooch," the defendant, had a phone conversation with CC-1 related to illegal gambling.

o. On or about June 7, 2006, at approximately 1:05 p.m., PAUL BARONE, a/k/a "Uncle Paulie," a/k/a "U.P.," a/k/a "Fatso," had a phone conversation CC-1 related to illegal gambling.

p. On or about June 14, 2006, at approximately 1:33 p.m., PAUL BARONE, a/k/a "Uncle Paulie," a/k/a "U.P.," a/k/a "Fatso," had a phone conversation CC-1 related to illegal gambling.

q. On or about June 16, 2006, at approximately 12:26 p.m., JOSEPH RULLI, a/k/a "Joe," a/k/a "Jock," had a phone conversation with CC-1 related to illegal gambling.

r. On or about June 19, 2006, at approximately 11:30 a.m., STEVEN SMITH, a/k/a "SS," a/k/a "Double S," a/k/a "Smitty," the defendant, had a phone conversation with CC-1 related to illegal gambling.

5

   s. On or about June 19, 2006, at approximately 12:49 p.m., ALBERT ALFONSO, a/k/a "Cooch," the defendant, had a phone conversation with CC-1 related to illegal gambling.

   t. On or about June 19, 2006, at approximately 1:06 p.m., ERNEST DEANGELIS, a/k/a "Ernie," the defendant, had a phone conversation with CC-1 related to illegal gambling.

   u. On or about July 23, 2007, MARIE FIDONE, a/k/a "Marie Delnodal," the defendant, possessed gambling records in the apartment in which she resided.

   v. On or about July 23, 2007, ALBERT ALFONSO, a/k/a "Cooch," the defendant, possessed approximately $35,600 in a safe, and gambling records next to the safe, in the house in which he resided.

   (Title 18, United States Code, Section 371.)

## COUNT TWO

   The Grand Jury further charges:

   4. From at least in or about 2006, until in or about July 2007, in the Southern District of New York and elsewhere, PHIL ENDELLICATE, a/k/a "Philly," PAUL BARONE, a/k/a "Uncle Paulie," a/k/a "U.P.," a/k/a "Fatso," STEVEN SMITH, a/k/a "SS," a/k/a "Double S," a/k/a "Smitty," MARIE FIDONE, a/k/a "Marie Delnodal," ALBERT ALFONSO, a/k/a "Cooch," JOSEPH RULLI, a/k/a "Joe," a/k/a "Jock," ERNEST DEANGELIS, a/k/a "Ernie," JOHN LAFORTE, a/k/a "Hammer," a/k/a "S.I.," and ALLAN HANDLER, the

defendants, did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, namely a business that engaged in sports bookmaking and illegal lottery schemes, in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day.

(Title 18, United States Code, Section 1955.)

**FORFEITURE ALLEGATION**

5. The allegations contained in Counts One and Two of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d), and Title 28, United States Code, Section 2461. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d), and Title 28, United States Code, Section 2461 in the event of any defendant's conviction under Count One or Count Two of this Indictment.

6.  As the result of committing one or more of the gambling offenses in violation of 18 U.S.C. §§ 371 and 1955, alleged in Counts One and Two of this Indictment, defendants PHIL ENDELLICATE, a/k/a "Philly," PAUL BARONE, a/k/a "Uncle Paulie," a/k/a "U.P.," a/k/a "Fatso," STEVEN SMITH, a/k/a "SS," a/k/a "Double S," a/k/a "Smitty," MARIE FIDONE, a/k/a "Marie Delnodal," ALBERT ALFONSO, a/k/a "Cooch," JOSEPH RULLI, a/k/a "Joe," a/k/a "Jock," ERNEST DEANGELIS, a/k/a "Ernie," JOHN LAFORTE, a/k/a "Hammer," a/k/a "S.I.," and ALLAN HANDLER, shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 1955(d) and 28 U.S.C. § 2461, any property, including money used in the gambling offenses, and all property, real and personal, that constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. §§ 371 and 1955, including but not limited to the following:

a.  At least $5,000,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the gambling offenses, for which the defendants are jointly and severally liable; and

b.  Approximately $35,600 in cash, seized on or about July 24, 2007, from the residence of ALBERT ALFONSO, a/k/a "Cooch," the defendant.

Substitute Assets

7. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant(s)-

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the forfeitable property, including but not limited to:

a. Any and all right, title, and interest held by ALBERT ALFONSO, a/k/a "Cooch," the defendant, in the real property and appurtenances known as 221 Jay Street, Wood Ridge, New York 07075, registered in the names of ALBERT and Arlene ALFONSO;

b. Any and all right, title, and interest held by JOSEPH RULLI, a/k/a "Joe," a/k/a "Jock," the defendant, in the

9

real property and appurtenances known as 144 Autumn Oak Lane, Manahawkin, New Jersey 08050, registered in the names of JOSEPH and Lori RULLI;

    c. Any and all right, title, and interest held by JOSEPH RULLI, a/k/a "Joe," a/k/a "Jock," the defendant, in the real property and appurtenances known as 8100 Long Beach Boulevard, Harvey Cedars, New Jersey 08008, registered in the name of JOSEPH RULLI; and

    d. Any and all right, title, and interest held by ERNEST DEANGELIS, a/k/a "Ernie," the defendant, in the real property and appurtenances known as 58 Renselaer Avenue, Atlantic Beach, New York 11509, registered in the names of ERNEST and Camille DEANGELIS.

    (Title 18, United States Code, Sections 371 and 1955, and Title 28, United States Code, Section 2461(c)).

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

10